IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOYLES-PONCE, | No. 2:24-CV-3170-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

       Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

       Plaintiff initiated this action with a complaint filed on November 14, 2024. See ECF No. 1. On November 15, 2024, the Court issued an initial scheduling order for the case. See ECF No. 3. Pursuant to the Court's scheduling order, Plaintiff was required to prosecute this action by either seeking voluntary remand or filing a dispositive motion within 45 days from the date of service of the administrative record by Defendant. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. The certified administrative record was served and

lodged with the Court on February 27, 2025.  See ECF No. 10.  As of June 18, 2025, more than 45 days had elapsed since the date of service of the certified administrative record and Plaintiff had not filed a dispositive motion, and the Court issued an order directing Plaintiff to show cause in writing within 30 days why sanctions should not be imposed.  See ECF No. 11.  To date, Plaintiff has not filed a response to the June 18, 2025, order to show cause.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

In this case, the Court finds that the factors above favor terminating sanctions for Plaintiff's failure to prosecute as well as Plaintiff's failure to comply with the Court's rules and orders.  First, Plaintiff's lack of prosecution thwarts the public's interest in speedy resolution of this case, the Court's ability to manage its docket, and the policy favoring resolution of this matter on the merits.  Given that Plaintiff is proceeding in forma pauperis, and given that Plaintiff has previously been warned that failure to comply with this Court's rules and orders may result in

1 | dismissal, the Court finds that less drastic sanctions are unavailable.

2 | Accordingly, IT IS HEREBY ORDERED as follows:

3 | 1. This action is dismissed without prejudice for lack of prosecution and
4 | failure to comply with court rules and orders.

5 | 2. The Clerk of the Court is directed to enter judgment and close this file.

7 | Dated: July 30, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3